Filed 3/14/24  P. v. Rodriguez CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SAUL RODRIGUEZ,<br><br>Defendant and Appellant. | B325633<br><br>(Los Angeles County Super. Ct. No. BA083688) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert C. Vanderet, Judge. Reversed and remanded with directions.

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Saul Rodriguez appeals from the trial court's summary denial of his Penal Code section 1172.6 (former § 1170.95)[1] resentencing petition without appointing counsel. The Attorney General concedes the trial court erred by not appointing counsel, but argues the error was harmless because defendant, as the actual killer, is ineligible for relief as a matter of law. On this record, where defendant was convicted of first degree murder under a theory allowing imputed malice, we cannot conclude the trial court's error was harmless.

During defendant's trial in July 1994, the jury was instructed on the felony-murder theory of liability for first degree murder: "Every person who unlawfully kills a human being with malice aforethought or during the commission of a robbery, a felony inherently dangerous to human life, is guilty of the crime of murder . . . . The unlawful killing of a human being, whether intentional, unintentional or accidental, which occurs during the commission of the crime of robbery is murder of the first degree when the perpetrator had the specific intent to commit such crime." (CALJIC Nos. 8.10, 8.21.) For the special circumstance allegation, the jury was instructed to make a true finding if "[t]he murder was committed while the defendant was engaged in the commission of a robbery" and "in order to carry out or advance the commission of the crime of robbery" with the requirement that defendant is the actual killer or an aider and abettor with the intent to kill crossed out. (CALJIC Nos. 8.80.1, 8.81.17.)

Defendant was convicted of first degree murder with a true special circumstance finding that he committed the murder while

---

[1]     All further statutory references are to the Penal Code.

engaged in a robbery within the meaning of section 190.2(a)(17), second degree robbery, and attempted murder. A personal use of a firearm allegation pursuant to section 12022.5(a) was found true as to all counts. Defendant was sentenced to 31 years 4 months to life in prison. This court affirmed the judgment on direct appeal. (*People v. Saul Rodriguez* (March 10, 1997, B098677) [nonpub. opn.].)

On August 30, 2022, defendant filed, and parties do not dispute, a facially sufficient resentencing petition. In the form petition, defendant requested the trial court to appoint counsel to represent him. On September 8, 2022, the court summarily denied the petition, reasoning defendant was "the actual killer of the victim and was convicted by the jury of first-degree murder." The trial court did not describe which portions, if any, of the record upon which he relied for his conclusion. Counsel was not appointed and no prima facie hearing was held.

Under section 1172.6, after receiving a facially sufficient petition, counsel shall be appointed upon the petitioner's request. (§ 1172.6, subd. (b)(1)-(3).) Petitioners "are entitled to the appointment of counsel upon the filing of a facially sufficient petition [citation] and . . . only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) The prosecutor must then file a response to the petition, and the petitioner may file a reply. (§ 1172.6, subd. (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*)

3

Failing to appoint counsel for a petitioner at the prima facie stage is reviewable for prejudice under the state-law harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis, supra*, 11 Cal.5th at pp. 957-958, 973-974.) On appeal, the petitioner has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." (*Id.* at p. 974.)

The Attorney General concedes the trial court erred when it failed to appoint counsel for defendant as requested. He contends, however, that the error was harmless. We disagree. Here, jurors arrived at a first degree conviction without indicating the theory of liability on which it relied. They were, however, given instructions on the felony-murder theory that permits imputing malice. The true finding of the special circumstance allegation here does not necessarily pinpoint defendant as the actual killer (see *People v. Lopez* (2022) 78 Cal.App.5th 1, 20 (CALCRIM No. 730 robbery-murder special circumstance instruction not requiring defendant personally killed victim creates possibility defendant is not the actual killer); cf. *People v. Harden* (2022) 81 Cal.App.5th 45, 53-54 (where felony-murder instruction was given, defendant is ineligible for relief because special circumstance robbery instruction under CALJIC No. 8.80.1 required defendant to be the actual killer)), and neither does the true finding of the personal use of a firearm allegation (see *People v. Jones* (2003) 30 Cal.4th 1084, 1120 (finding of personal use of a firearm does not automatically prove defendant was the actual killer); *People v. Berry* (1993) 17 Cal.App.4th 332, 335 (same).) Nevertheless, the trial court summarily determined, without explanation, that defendant was

4

the actual killer and thus ineligible for 1172.6 relief. [2] Without appointment of counsel and subsequent prima facie hearing, defendant was deprived of the opportunity to put forth, by way of briefing or oral argument, any factual or legal theory in support of his petition, and to present his argument on why the conviction record is insufficient to show he was the actual killer. Accordingly, we find the error in failing to appoint counsel prejudicial.

---

[2] In his opening brief, appellant indicates the trial court reviewed an incomplete record – the information, verdict forms, abstract of judgment, and probation report – and the Attorney General does not disagree.

## DISPOSITION

The order summarily denying defendant's section 1172.6 petition is reversed, and the matter is remanded for appointment of counsel.  The trial court shall hold a new eligibility hearing under section 1172.6, subdivision (c), and to the extent necessary, conduct an evidentiary hearing.  We express no opinion on the ultimate resolution of the petition.

NOT TO BE PUBLISHED.

LEE, J.*

We Concur:

BAKER, Acting P. J.

KIM, J.

---

* Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6